# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIE C. SIMPSON,<br><br>       Plaintiff,<br>v.<br><br>JON E. LITSCHER, SCOTT ECKSTEIN, JOHN KIND, CAPTAIN SCHULTZ, LT. ELSINGER, LT. VAHLAHAN, SGT. KOELLER, SGT. MENNING, SGT. ROZMARYNOSKI, SGT. HERT, C.O. BRUNNER, C.O. GRABOWSKI, C.O. BEBO, C.O. BONNIN, C.O. MEYER, C.O. DELFOSSE, C.O. WEYCKER, C.O. TREML, C.O. DIEDRICK, C.O. PEOTTER, C.O. POTTS, C.O. VANDEVELDEN, C.O. SCHEMECK, C.O. NEMETZ, C.O. REYES, C.O. GUERRERO, C.O. LEWIS, C.O. YANG, C.O. HEFFERNAN, C.O. ROBEHHAGEN, J. PERTTU, C.O. PETER BAUGH, C.O. AVERY, C.O. BRUSO, C.O. TURCK, and JOHN DOES,<br><br>       Defendants. | Case No. 17-CV-359-JPS<br><br><br><br><br><br><br><br><br><br>**ORDER** |

    Plaintiff, who is incarcerated at Green Bay Correctional Institution ("GBCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on

Plaintiff's motions to proceed *in forma pauperis*. (Docket #3, #9). Plaintiff's initial partial filing fee was waived. (Docket #12); 28 U.S.C. § 1915(b)(4).

Before the Court screens Plaintiff's complaint, it must address the matter of whether granting him *in forma pauperis* status is appropriate. As part of the Prison Litigation Reform Act ("PLRA"), if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner is prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he has accrued three dismissals under this section.

Here, it is evident that Plaintiff has accrued many, many strikes during his long period of incarceration. Examples include: (1) *Simpson v. Walker*, 14-CV-198 (E.D. Wis.); (2) *Simpson v. Walker*, 11-CV-838 (W.D. Wis.); (3) *Simpson v. Douma*, 04-CV-298 (W.D. Wis.); and (4) *Simpson v. Maas*, 04-CV-29 (W.D. Wis.). Indeed, Plaintiff was recently subjected to a filing bar throughout this Circuit under *Support Systems International Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995), for his incessant and frivolous filings. *Simpson v. Eckstein*, No. 16-3436, Docket #14 (7th Cir. Mar. 30, 2017). Pursuant to that order, Plaintiff "is barred from filing further civil suits in the courts of this circuit" until he pays a fine of $1,000. *Id.* at 2. He is also barred from filing any further collateral attacks on his conviction or sentence until the fine is paid. *Id.* Because Plaintiff filed this suit on March 10, 2017, shortly before the *Mack* bar was issued, it does not appear that it prevents further filings from him in connection with this action.

Having determined that Plaintiff has struck out, the Court turns to the consideration of whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As will be explained further below, Plaintiff alleges that prison guards are threatening to kill him and are encouraging inmates to kill him, which represents an imminent physical danger to Plaintiff. Thus, the Court finds that Plaintiff's allegations satisfy the imminent-danger exception, and it will grant him leave to proceed *in forma pauperis* in this case.

The Court now proceeds to screen Plaintiff's complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the

United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff names a panoply of defendants in this case. (Docket #1 at 1–2). First is Wisconsin Department of Corrections Secretary Jon E. Litscher ("Litscher"). *Id.* at 2. Next is Scott Eckstein ("Eckstein"), warden at GBCI. *Id.* Plaintiff also names GBCI Security Director John Kind ("Kind"), and the prison's inmate complaint examiner, J. Perttu ("Perttu"). *Id.* Finally, Plaintiff names over thirty-one other individuals, some identified by name and some identified only as John Does, who are all correctional officers of various ranks at GBCI (the "Guard Defendants"). *Id.*

Plaintiff is presently confined to segregation at GBCI. *Id.* at 4. Between 2015 and January 2017, he filed numerous challenges to his conviction and sentence. *Id.* As noted above, they were so patently frivolous as to warrant a *Mack* bar. Plaintiff's complaint arises primarily from allegations that Defendants have endeavored to stop him from filing these collateral attacks. *Id.* at 3.

Between January 2016 and March 2017, the Guard Defendants routinely came to Plaintiff's cell and threatened to harm or kill him for pursuing these collateral attacks. *Id.* at 4. They also encouraged and recruited prisoners to assault Plaintiff should he venture out into the general prison population. *Id.* Moreover, the prisoners in segregation have agreed to deny

Plaintiff's allegations that the Guard Defendants are encouraging them to attack Plaintiff. *Id.* In one specific instance, C.O. Grabowski escorted another inmate to Plaintiff's cell and encouraged the inmate to confront Plaintiff about his litigation efforts. *Id.* at 6. The inmate kicked the door and threatened to assault Plaintiff once Plaintiff was released from segregation. *Id.* The officer stood by and encouraged the inmate's threats. *Id.* Plaintiff claims that Perttu and Eckstein, who reviewed his grievances about the Guard Defendants' threats against him, acted with deliberate indifference to the risk of harm facing Plaintiff and actively covered up the Guard Defendants' misconduct by ignoring and rejecting his grievances. *Id.* at 3, 6.

In a further attempt to disrupt and discourage Plaintiff's litigation, the Guard Defendants routinely come to Plaintiff's cell when he is asleep and wake him, in order to deprive him of sleep and provoke confrontation between him and the officers. *Id.* at 6. Another tactic involves harming Plaintiff's health. Plaintiff suffers from HIV as well as several other conditions. *Id.* at 5. Between March 2016 and March 2017, Plaintiff has not received treatment for his conditions, either from outside specialists or prison doctors, because the Guard Defendants prevent him from leaving his cell by threatening to assault him should he leave the cell. *Id.* Additionally, they keep him from taking necessary food and medication because when they drop it off through his cell trap door, they pour such items on the ground and contaminate them. *Id.* At other times, the Guard Defendants have totally refused to provide Plaintiff's medication. *Id.* at 6.

Plaintiff raises the following claims based on these facts: (1) deliberate indifference to his serious medical needs, in violation of the Eighth

Amendment; (2) failure to protect him from the risk of harm of assault by fellow prisoners and other correctional officers, in violation of the Eighth Amendment; (3) deprivation of sleep, in violation of the Eighth Amendment; and (4) retaliation against him for challenging his conviction and sentence in court, in violation of the First Amendment. *Id.* at 3–4. Plaintiff demands injunctive relief and compensatory and punitive damages. *Id.* at 7–8.

Analyzing Plaintiff's complaints individually against each Defendant, as he presents them, there is little question that he would be permitted to proceed. His Eighth Amendment claims relating to death threats, deprivation of sleep, and denial of food and medication without doubt pass muster under the relevant standards. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Likewise, these nefarious acts, if taken in retaliation for Plaintiff's habeas litigation, would likely violate the First Amendment. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008).

But Plaintiff's presentation of his claims is not the end of the story. The unspoken, fundamental premise of Plaintiff's complaint is that Defendants conspired to deprive him of his civil rights. Absent such an allegation, his complaint would be barred by *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), since there is no common transaction or occurrence tying the alleged instances of threats and other deprivations together. *George* holds that under the federal joinder rules, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. *Id.* Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should

not be joined with unrelated Claim B against Defendant 2." *Id.*; *see also* Fed. R. Civ. P. 20(a)(2) (requiring that the plaintiff assert at least one claim against all of defendants "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action").

In this case, *George* would require dismissal because Plaintiff advances unrelated claims against multiple defendants for various discrete episodes occurring over a span of years. While it is arguable that most of his claims relate to guards' threats and other misconduct, the guards' conduct is not related factually unless one also accepts that they were jointly animated by conspiratorial purpose. Query, for instance, why a claim that C.O. Meyer dropped Plaintiff's medication on the floor one day has anything to do with a claim that C.O. Grabowski, at some other time that same year, once brought an inmate to Plaintiff's cell door to threaten him. They are linked by conspiracy and nothing more.

Appreciating the true theory of Plaintiff's case reveals that his allegations are too implausible to survive even the liberal standard applied at screening. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility requires the plaintiff to give the court "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Factual allegations that are "sketchy or implausible" may be insufficient to provide a defendant with adequate notice of the plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, the Seventh Circuit has

made clear that for "paranoid pro se litigation" involving "a vast, encompassing conspiracy," a court should demand "a high standard of plausibility" before subjecting the defendants to the time and expense of resisting the claims. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Twombly*, 550 U.S. at 556 (holding that the plausibility standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations).

In a case astoundingly similar to this one, the Seventh Circuit upheld dismissal where an inmate alleged a wide-ranging conspiracy by many prison officials to kill him and encourage others to kill him in retaliation for litigation. *Walton v. Walker*, 364 F. App'x 256, 257 (7th Cir. 2010). The inmate included both claims arising under the relevant constitutional provisions and overarching conspiracy claims. *Id.* First, the Seventh Circuit found that the inmate's rambling allegations were vague, conclusory, and implicated a wide variety of officials over a period of many months. *Id.* at 258. They were, therefore, "not backed by sufficient factual development to make them plausible enough to state a claim." *Id.* Moreover, the Court of Appeals held that "the district court was entitled to draw upon its familiarity with [the inmate's] prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of 'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Plaintiff's allegations of a prison-wide conspiracy to kill him in order to prevent further habeas litigation are as just implausible as those in *Walton*. To be sure, Plaintiff's complaint identifies a time frame, the relevant

individuals, and what actions they took. But the time frame covers a period of over a year, the relevant individuals are listed in their dozens, and their actions are described only in the vaguest terms. Except in the instance of C.O. Grabowski, noted above, there is not a single detail regarding when any one threat or untoward act occurred, what transpired, or who did it. *Iqbal*, 556 U.S. at 678 (holding that "'naked assertion[s]' devoid of 'further factual enhancement'" do not satisfy Rule 8) (quoting *Twombly*, 550 U.S. at 557). Even the Grabowski allegation is no more specific than the allegations in *Walton*, where the inmate referred to specific conversations occurring on specific days, *see Walton v. Walker*, Civil No. 08–cv–486–MJR, 2009 WL 1470409, at *2–3 (S.D. Ill. May 27, 2009), and the Court of Appeals nevertheless found those allegations wanting. And, as in *Walton*, despite Plaintiff's claims of a year-long conspiracy to kill him, there has been no mention of any attack actually being carried out, either in his complaint or in his numerous post-complaint filings. *See* (Docket #2, #3, #7, #9, #10); *Walton*, 364 F. App'x at 257. His fears seem untethered from reality.

Furthermore, considering Plaintiff's allegations against the backdrop of his penchant for unrelenting frivolous litigation, which earned him a *Mack* bar only last month, the Court finds that Plaintiff has not met the "high standard of plausibility" that the Seventh Circuit requires for alleging such a vast, paranoid conspiracy. *Cooney*, 583 F.3d at 971. It is notable that Plaintiff's prior litigation has not only been undeniably frivolous, it also, like the inmate in *Walton*, contained many allegations of vast, paranoid conspiracies to harm him. *Walton*, 364 F. App'x at 258. For instance, in *Simpson v. Haines*, 536 F. App'x 657, 657 (7th Cir. 2013), the Court of Appeals rejected as frivolous

Plaintiff's allegations that prison employees were conspiring to kill him by pumping poisonous gas into his cell, and observed that he had made the same allegations in several prior cases. Under the approach sanctioned in *Walton*, this Court need not turn a blind eye to Plaintiff's history of belief in paranoid conspiracies like the one he alleges here.

Thus, the Court in this instance elects to wield its "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," as is evident here. *Nietzke*, 490 U.S. at 327; *Tatum v. Wall*, Case No. 15-CV-1435, 2016 WL 2636272, at *3 (E.D. Wis. May 5, 2016) (finding that the inmate's multitude of claims against dozens of defendants were linked only by an implausible theory of conspiracy). The Court concludes that Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See Gladney*, 302 F.3d at 774; *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992). As a result, his complaint must be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for leave to proceed *in forma pauperis* (Docket #3, #9) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge