# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

        Plaintiff,

v.

JON E. LITSCHER, SCOTT ECKSTEIN,
JOHN KIND, CAPTAIN SCHULTZ, LT.
ELSINGER, LT. VAHLAHAN, SGT.
KOELLER, SGT. MENNING, SGT.
ROZMARYNOSKI, SGT. HERT, C.O.
BRUNNER, C.O. GRABOWSKI, C.O.
BEBO, C.O. BONNIN, C.O. MEYER, C.O.
DELFOSSE, C.O. WEYCKER, C.O. TREML,
C.O. DIEDRICK, C.O. PEOTTER, C.O.
POTTS, C.O. VANDEVELDEN, C.O.
SCHEMECK, C.O. NEMETZ, C.O. REYES,
C.O. GUERRERO, C.O. LEWIS, C.O.
YANG, C.O. HEFFERNAN, C.O.
ROBEHHAGEN, J. PERTTU, C.O. PETER
BAUGH, C.O. AVERY, C.O. BRUSO, C.O.
TURCK, and JOHN DOES,

        Defendants.

Case No. 17-CV-359-JPS

**ORDER**

On April 25, 2017, the Court screened Plaintiff's complaint and determined that it was factually frivolous. (Docket #14). Accordingly, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), the Court dismissed this action with prejudice and assessed Plaintiff a strike. *See* (Docket #14 and #15). Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Docket #16).[1]

---

[1]In construing *pro se* filings generously, the Court is required to consider what grounds for post-judgment relief might be appropriate, regardless of the authorizing Rule the litigant actually cited. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because Plaintiff identifies only purported legal errors the

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "Motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Id.* Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

As another branch of this Court recently noted, a "manifest error of law" must be "egregious" to warrant relief under this Rule. *Stelter v. Meli*, Case No. 14–cv–904–pp, 2017 WL 663546, at *1 (E.D. Wis. Feb. 17, 2017). "Appeal, not reconsideration, is the time to deal with the majority of legal errors," and so only "manifest errors. . .so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Americas, Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiff's motion presents no more than his disagreement with the Court's legal conclusions. This is not a proper basis for granting relief under

---

Court committed, Rule 59 is the appropriate starting point for his motion, and other rules, like Rule 60(b), are not. *See id.*; Fed. R. Civ. P. 60(b).

Rule 59(e). First, Plaintiff claims that the Court "overlooked facts in the complaint identifying a systemwide prison policy authorizing prison guard defendants discretion to deny Plaintiff medication and food." (Docket #16 at 1–3). This is incorrect for two reasons. First, nothing in Plaintiff's complaint suggests that he seeks relief for a prison-wide policy permitting correctional officers to deny him food and medicine. Plaintiff's claims are rooted in individual liability for distinct instances of constitutional violations. *See* (Docket #1 at 3–4). He nowhere posits a *Monell* theory based on unconstitutional prison policies. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff cannot amend his factual allegations by way of a Rule 59(e) motion in order to avoid dismissal.[2]

Second, the Court did not ignore Plaintiff's allegations in this regard. Instead, considering his allegations of a paranoid conspiracy against the backdrop of the plausibility pleading regime and his prior frivolous litigation, the Court concluded that his factual allegations were clearly baseless. (Docket #14 at 9–11); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Walton v. Walker*, 364 F. App'x 256, 257 (7th Cir. 2010). Thus, the Court

---

[2]In his motion, Plaintiff tries to elaborate on the theory behind his claims, but to no avail. He argues that he is subject to a back-of-cell restriction when food or medicine is delivered. (Docket #16 at 4). This gives guards an opportunity to dump his food and medicine on the floor. *Id.* at 5. When he refuses to comply with the back-of-cell restriction in order to keep these items off the floor, guards simply deny him the food and medicine. *Id.*; *see also* (Docket #17-1 at 1–17) (Plaintiff's exhibits purporting to substantiate these prison policies).

This explanation does not affect the Court's screening analysis. First, none of these new factual allegations are contained in his complaint, and no amount of generous inference could have put them there. Second, assuming these things are true, which the Court need not do in the present posture, Plaintiff still does not answer the Court's finding that his allegations are frivolous and therefore subject to dismissal under the PLRA. *See* (Docket #14 at 10–11).

considered Plaintiff's pleaded facts but was obliged under the relevant legal standards to reject them.[3]

Relatedly, Plaintiff attacks the Court's application of the plausibility standard to his claims, arguing that the Court failed to pay his allegations proper deference. (Docket #16 at 2–3). He contends that his complaint should have been dismissed only if he could prove "no set of facts" entitling him to relief. *Id.* at 3. But this is, firstly, the wrong standard, as explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007), because it sets the pleading bar too low. Secondly, following the plausibility pleading regime first established in *Twombly*, Seventh Circuit cases like *Cooney* and *Walton* dictate that the Court apply a more stringent plausibility bar to its review of allegations like Plaintiff's. To ignore this precedent would have been its own manifest error of law. *See Oto*, 224 F.3d at 606. In sum, because Plaintiff's arguments fall well short of "clearly establish[ing]" that Rule 59(e) relief is warranted, *Romo*, 250 F.3d at 1122 n.3, the Court will deny the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend the Court's April 25, 2017 judgment (Docket #16) be and the same is hereby **DENIED**.

---

[3]Plaintiff contends that the Court should not have put much weight behind the Seventh Circuit's recent issuance of a *Mack* bar against him, (Docket #14 at 2, 10), noting that he has filed a petition for writ of certiorari to the Supreme Court, (Docket #16 at 6); (Docket #17-1 at 18–36). But simply stating that the *Mack* bar may be subject to the Supreme Court's discretionary review does little to call the Court of Appeals' conclusions into question. The Court's reliance on the *Mack* bar as evidence of Plaintiff's inclination to pursue frivolous claims was proper.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge