# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

        Plaintiff,

v.

JON E. LITSCHER, SCOTT ECKSTEIN, JOHN KIND, CAPTAIN SCHULTZ, LT. ELSINGER, LT. VAHLAHAN, SGT. KOELLER, SGT. MENNING, SGT. ROZMARYNOSKI, SGT. HERT, C.O. BRUNNER, C.O. GRABOWSKI, C.O. BEBO, C.O. BONNIN, C.O. MEYER, C.O. DELFOSSE, C.O. WEYCKER, C.O. TREML, C.O. DIEDRICK, C.O. PEOTTER, C.O. POTTS, C.O. VANDEVELDEN, C.O. SCHEMECK, C.O. NEMETZ, C.O. REYES, C.O. GUERRERO, C.O. LEWIS, C.O. YANG, C.O. HEFFERNAN, C.O. ROBEHHAGEN, J. PERTTU, C.O. PETER BAUGH, C.O. AVERY, C.O. BRUSO, C.O. TURCK, and JOHN DOES,

        Defendants.

Case No. 17-CV-359-JPS

**ORDER**

      On April 25, 2017, the Court screened Plaintiff's complaint. (Docket #14). Because his complaint alleged an implausible paranoid conspiracy, the Court concluded that Plaintiff's claims were factually frivolous and dismissed the action in its entirety. (Docket #14 and #15). Plaintiff thereafter filed a motion for reconsideration, which the Court denied. (Docket #18). Plaintiff filed a notice of appeal as to both of these rulings on May 30, 2017. (Docket #19). He also filed a motion for leave to proceed *in forma pauperis*

on appeal. (Docket #21). For the reasons stated below, the Court will deny that motion.

Plaintiff, a prisoner proceeding *pro se*, may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

Initially, the Court notes that it has already certified that Plaintiff's appeal would not be taken in good faith absent bona fide arguments supporting it. (Docket #14 at 12). Plaintiff's recent submissions do not supply such arguments. While his motion for leave to proceed *in forma pauperis* on appeal recounts Plaintiff's disagreement with the Court's rulings, nothing in it credibly suggests that the Court made reversible error.

As he did in motion for reconsideration, Plaintiff emphasizes that the Court erroneously failed to credit his allegations that there exists a prison-wide policy enabling guards to deny him food and medication. *See* (Docket #21 at 1–2). The Court has already explained that no such allegations are present in his complaint, despite his insistence to the contrary. (Docket #18 at 3).[1] Moreover, Plaintiff's argument about a potential *Monell* claim does

---

[1]To support his assertion, Plaintiff cites a single sentence from his complaint in which he alleges that prison officials are required by Department of Corrections ("DOC") policy to provide food, medication, and mail to prisoners. (Docket #21 at 3); (Docket #1 ¶ 7). Reliance on this allegation for a *Monell* claim is misguided, however. Assuming Plaintiff had alleged a *Monell* claim, it would have

not solve the real problem with his complaint—namely, that it is the product of paranoid delusion and is, therefore, factually frivolous. *See id.* at 3–4; (Docket #14 at 9–11). As a result, the Court hews to its prior conclusion that an appeal taken from its disposition of this matter is not taken in good faith.

Finally, because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without prepayment of the filing fee unless the Court of Appeals gives him permission to do so. Plaintiff has thirty (30) days from the date of this Order to request that the Seventh Circuit review the Court's denial of his request for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

---

to be that there was a policy or practice allowing or encouraging guards *not* to give him medication. The claim could not be that the guards simply violated an existing policy. This distinction is important, as having a policy directed at denying Plaintiff life's necessities might be considered an action of the DOC itself, whereas an individual decision to violate such a policy would be that person's own, separate wrongdoing. *See Wragg v. Village of Thornton*, 604 F.3d 464, 467–68 (7th Cir. 2010).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #21) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge